**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0577-24

NARENDRA LAKHANI,
SONALI MODY
and DARSHAN LAKHANI,

      Plaintiffs-Respondents,

v.

ANIL PATEL, MANISH PATEL,
RAJNI PATEL, JAYESH PATEL,
NORTHSTAR HOTEL GROUP,
INC., NORTHSTAR
MANAGEMENT, INC.,
NORTHSTAR KENILWORTH,
LLC, NORTHSTAR LAUREL,
LLC, NORTHSTAR
TECHNOLOGIES, LLC,
AMSTAR HOSPITALITY, LLC,
NORTHSTAR HOLDING, LP,
HARIT KAPADIA, CPA,
ASHWIN PANDYA, CPA, and
PANDYA, KAPADIA &
ASSOCIATES, CPA, PA,

      Defendants,

v.

BRIX RESOURCES, INC., BRIX

A-0577-24

HOSPITALITY, LLC, BRIX
KENNILWORTH, LLC and BRIX
LAUREL, LLC,

       Third-Party Defendants.

_____

DENNIS E. BLOCK,

       Appellant.

_____

JONATHAN I. RABINOWITZ,

       Respondent.

_____

Argued January 21, 2026 – Decided May 7, 2026

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket Nos. L-0386-11 and L-0758-11.

Christina V. Harvey argued the cause for appellant Dennis E. Block (Lomurro Munson LLC, attorneys; Christina V. Harvey, of counsel and on the briefs; Andrew B. Broome, on the briefs).

Jonathan I. Rabinowitz argued the cause for respondent Jonthan I. Rabinowitz (Rabinowitz, Lubetkin & Tully, LLC, attorneys; Jonathan I. Rabinowitz, of counsel and on the brief; Henry M. Karwowski, on the brief).

Robert W. Mauriello, Jr. argued the cause for respondents Narendra Lakhani, Sonali Mody and Darshan Lakhani (Gimigliano Mauriello & Maloney, PA, attorneys; Robert W. Mauriello, Jr., of counsel and on the brief).

2

PER CURIAM

This matter returns to us following torturous litigation between former business partners resulting in a 2012 default final judgment totaling $9,747,461.90 in favor of plaintiffs Narendra Lakhani, Sonali Mody and Darshan Lakhani against defendants Anil Patel, Manish Patel, Rajni Patel, Jayesh Patel (collectively the Patels), and Northstar Kenilworth, LLC. See Brix Hosp., LLC v. Patel, No. A-0196-21 (App. Div. June 27, 2023) (slip op. at 4-17). To resolve the issue before us, it is unnecessary to detail the litigation as we did in Brix Hosp. regarding sanctions sought by Jonathan I. Rabinowitz, Esq., the court-appointed Receiver in aid of execution in this litigation under N.J.S.A. 2A:17-66, due to the Patels' efforts to evade collection of the judgment.[1] See ibid.

The current dispute involves an appeal by non-party Dennis E. Block, Esq. the Patels' seventh attorney, challenging the trial court order imposing $44,590 in sanctions and attorney's fees against him for failing to comply with a court order enforcing a document subpoena served on him by the Receiver. The subpoena sought copies of retainer agreements, documents regarding payments

---

[1] We also issued a published opinion on August 9, 2024, reversing the trial court's order imposing the Special Adjudicator's demand that John Calzaretto, Esq., the Patels' sixth attorney, pay him $3,000 towards his retainer. Lakhani v. Patel, 479 N.J. Super. 291 (App. Div. 2024).

A-0577-24

to Block by the Patels, and the Patels' communications with their former attorney John Calzaretto and other third parties.

We conclude that the trial court should have conducted an in camera review of the subpoenaed records and communications and stated its factual findings and conclusions of law for its order pursuant to Rule 1:7-4. However, based on the record before us, the errors are harmless and we affirm.

I.

On February 12, 2024, the Receiver issued a deposition subpoena to Block seeking production of documents, such as, retainer agreements, invoices, the sources of funds for payments to Block from the Patels, and communications between the Patels, Block, third parties, and/or Calzaretto, Calzaretto & Bernstein, LLC and Calzaretto & Company LLC (collectively, the Calzaretto parties) covering the period of January 1, 2023 to the present. That same day, the Receiver issued two information subpoenas against the Patels that were served on Block.

On March 28, 2024, the Receiver moved to enforce the subpoenas when the Patels did not comply. Block cross-moved for the Patels on April 4, to quash the deposition subpoena alleging that the information was protected by the attorney-client and work product privileges. The court subsequently conducted two subpoena hearings and a contempt hearing to resolve the dispute.

4

<u>April 26, 2024 Subpoena Hearing</u>

The Receiver asserted that his subpoena did not seek documents protected by the attorney-client privilege. He noted that the trial court's April 1, 2019 order[2] already determined that bank records aren't protected under the attorney-client privilege or <u>Rule</u> 1:21-6 and that he would accept redacted documents. As for the scope of the subpoena, the Receiver explained that he sought the sources and uses of funds to locate assets to enforce the judgment against the Patels and he would accept invoices with the appropriate redactions. He also explained that "ample evidence in the record" established the Patels had used third parties to pay for attorneys to oppose enforcing the judgment and his subpoena sought to trace this flow of funds to enforce the judgment against the Patels. Moreover, the Receiver stressed that "creditor[s] seeking post-judgment discovery [are] entitled to broad discovery of the debtor's financial situation

---

[2] In its April 1, 2019 order, the trial court denied Calzaretto's motion to quash the Receiver's subpoena. The subpoena sought Calzaretto's banking records. The court reasoned that even if the records were protected by the attorney-client privilege, the Patels waived this privilege by disclosing privileged information with third parties. The crime-fraud exception also applied, since the court had "already determined [in its May 3, 2018 order] that the Receiver ha[d] made a prima facie case showing that the Patels ha[d] been secreting assets and engaging in fraudulent transfers." The court explained that the Patels "may have engaged in a years-long, systematic scheme to defraud their creditors, including Lakhani Associates, by placing millions of dollars in assets beyond the reach of lawful collection efforts" and Calzaretto and his firm were likely aware of this because they were involved in and benefited from the Patels' transactions.

including financial information of family members and associates where the judgment debtor has attempted to conceal assets."

Block contended that the subpoena sought privileged communications under RPC 1.6, which the Patels must consent to release, and the Receiver must establish a prima facie case that Block assisted in the Patels' attempts to fraudulently conceal its assets.

The trial court reserved decision and issued two orders. The first on April 29, denying Block's motion to quash the deposition subpoena. The second on May 14, granting the Receiver's motion to enforce the subpoena; directing Block to produce the relevant documents within twenty days of the entry of the order; granting the Receiver the right to seek an in camera review to determine the appropriateness of Block's redactions; denying Block's cross-motion to quash the subpoena; and noting that the granted relief was without prejudice to the Receiver or Patels' rights to seek sanctions or the Receiver's rights to seek appropriate remedies against the Patels regarding the information subpoenas.

On June 3, Block produced some of the documents with redactions and a privilege log claiming that certain emails between the Calzaretto parties in 2023 and 2024 were protected under the attorney-client and work product privileges. In response, the Receiver asserted that the communications between the Calzaretto parties were not privileged pursuant to the trial court's April 1, 2019

6

order, noted other issues with the information produced, and that he would seek sanctions if Block did not cure the deficiencies.

About two weeks later, the Receiver moved to enforce the subpoena. Block cross-moved for a protective order and sought in camera review.

<u>July 19, 2024 Subpoena Enforcement and Protection Order Hearing</u>

The Receiver argued that the communications between the Calzaretto parties were not privileged because: (1) Calzaretto withdrew as counsel for the Patels in 2018 and did not represent the Patels for the period of time covered by the requested documents and communications, (2) the Patels waived any privilege because Calzaretto, now a third party, was copied on the communications and the Patels disclosed this information to other third parties, (3) once a party waives a privilege, all communications regarding that subject matter are waived, and (4) the crime fraud exception applied because the Calzaretto parties aided the Patels in concealing their assets from judgment. Additionally, the Receiver requested that the court hold Block in contempt and issue sanctions because Block knew that the court had previously rejected the issue of attorney-client privilege but he continued to assert the privilege.

Block averred that he should not be sanctioned for following his ethical duties and seeking in camera review. He also maintained that even if the Patels were former clients of Calzaretto, "[<u>RPC</u>] 1.8 still applies" and protects their

7

communications with Calzaretto from disclosure.  Finally, citing Nat'l Util. Serv., Inc. v. Sunshine Biscuits, Inc., 301 N.J. Super. 610 (App. Div. 1997), Block argued that the court should conduct an in camera review to determine whether the attorney-client privilege and crime fraud exception apply to each document.

In response, the Receiver asserted that Sunshine Biscuits does not require trial courts to review every document to determine whether the crime fraud exception applied, "but[] rather, give the broadest possible interpretation of that exception."  Lastly, the Receiver claimed that sanctions were justified because the parties, who he did not identify, had made two misrepresentations to the court:  (1) "Calzaretto and his firm either stopped representing the Patels in November of 2018, or have always represented the Patels, or represented the Patels going back to some point in 2023" and (2) "the withdrawal of . . . Calzaretto and his firm w[as] based upon the indictment of Anil Patel" and since the indictment was later dismissed, the crime fraud exception did not apply.[3]

September 4, 2024 Contempt Hearing

The court conducted a contempt hearing on September 4, addressing the Receiver's motions for contempt against Calzaretto for failure to comply with

---

[3] The trial court's September 12, 2024 order did not address these arguments as a basis to sanction Block.

his subpoenas and improper use of his trust account and against the Patels for failing to provide their 2022 and 2023 tax returns, and the Receiver's request for the court to direct the Special Adjudicator to provide relevant records from Calzaretto. During the hearing, plaintiffs requested that the court sanction the Patels, Block, and Calzaretto for their "continued misrepresentation[s]" to the court regarding the attorney-client privilege and crime fraud exception.

At the conclusion of the hearing, the trial court issued an oral decision which it later memorialized in a September 12 order and written decision granting the Receiver's motion to enforce the subpoena; holding Block in contempt and imposing sanctions; requiring Block to produce all documents in the subpoena within three days of entry of this order; requiring Block pay the Receiver's attorney fees and costs in connection with his motion; and denying the Receiver's cross-motion for sanctions on Calzaretto and Christina V. Harvey, Esq., attorney for Block and the Patels.

The court reasoned that Block's argument about the attorney-client privilege was moot because the trial court's April 1, 2019 order stated that "the attorney-client privilege as to Calzaretto is waived under the crime [] fraud exception." The order also stated that the Patels waived the attorney-client privilege as to the "subject documents" by disclosing privileged information with third parties. Thus, the trial court reasoned that sanctioning and fining

9

Block was proper because "[he] either knew[] or should have known that the requested documents were not protected by the attorney-client privilege based on [the trial court's] [o]rder."

The court also dismissed Block's request for an in camera review of the documents and a protective order, reasoning that both were unnecessary because the attorney-client privilege did not apply to Calzaretto. It also denied Block's request for a stay pending appeal noting that Block "failed to identify any irreparable harm that would result from the disclosure of the redacted documents[,] . . . ha[d] not demonstrated a reasonable probability of success on the merits[,] . . . [and did not] show [how] the balance of harms weigh[ed] in his favor." Finally, the court rejected the Receiver's cross-motion to sanction Calzaretto, Calzaretto & Bernstein LLC, and Harvey, reasoning their actions "d[id] not constitute fraud on the court," "were not intended to deceive the court," and merely involved errors in communications regarding the Receiver's motion.

Sanctions

On October 16, 2024, the trial court issued an order awarding $44,590 ($44,490 in fees and $100 in costs) in sanctions against Block. The order provided Block was required to pay the sanctions to the Receiver within ten

A-0577-24

days.  Nine days later, the court issued an order denying Block's request to stay the order of contempt.  This appeal followed.

II.

We apply an abuse of discretion standard in reviewing sanctions and a trial court's disposition of a discovery dispute.  United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009).  "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).  We may reverse a trial court's disposition of a discovery dispute when the court misunderstands or misapplies the law.  Brugaletta v. Garcia, 234 N.J. 225, 240 (2018).  We apply a de novo review to any questions of statutory interpretation.  Verry v. Franklin Fire Dist. No. 1, 230 N.J. 285, 294 (2017).

A trial court has the "inherent power" independent of Rule 1:4-8 "to sanction an attorney, rather than the client, particularly when the attorney's improper conduct has resulted in additional costs to the adverse party or the judicial system."  Pontidis v. Shavelli, 296 N.J. Super. 420, 424 (App. Div. 1997) (citing In re Timofai Sanitation Co., Inc., 252 N.J. Super. 495, 505-06 (App. Div. 1991)).  However, a court must exercise this power with

11

"restraint and discretion because of its potency," Dziubek v. Schumann, 275 N.J. Super. 428, 440 (App. Div. 1994), and generally won't impose this power without a showing that the attorney acted in bad faith. Ibid. ("[T]he imposition of such a sanction is generally not imposed under this power without a finding generally that the . . . conduct constituted or was tantamount to bad faith."); Gillette Foods Inc. v. Bayernwald-Fruchteverwertung, 977 F.2d 809, 813-14 (3d Cir. 1992).

"[A] proceeding to enforce litigants' rights under Rule 1:10-3 'is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant[.]'" Pasqua v. Council, 186 N.J. 127, 140 (2006) (quoting Essex Cnty. Welfare Bd. v. Perkins, 133 N.J. Super. 189, 195 (App. Div. 1975)). Accordingly, "[r]elief under [Rule] 1:10-3, whether it be the imposition of incarceration or a sanction, is not for the purpose of punishment, but as a coercive measure to facilitate the enforcement of the court order." Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997). The purpose of a sanction "is to sufficiently 'sting' the offending party in order to compel compliance" going forward. Bd. of Educ. of the Twp. of Middletown v. Middletown Twp. Educ. Ass'n, 352 N.J. Super. 501, 511 (Ch. Div. 2001). (quoting E. Brunswick Bd. of Educ. v. E. Brunswick Educ. Ass'n, 235 N.J. Super. 417, 422 (App. Div. 1989)). This 'sting' need not be limited to the moving

party's "actual damages," but must be within the offending party's "'reasonable economic means.'" Holtham v. Lucas, 460 N.J. Super. 308, 322 (App. Div. 2019) (quoting Innes v. Carrascosa, 391 N.J. Super. 453, 498 (App. Div. 2007)).

We also must be mindful of the context in which this sanction arose. Court-appointed receivers are an extension of the court. See generally R. 4:53. The appointment of a receiver in aid of execution is an extraordinary measure taken by the court with statutory authorization after less coercive measures have failed. See First Nat'l State Bank of N.J. v. Kron, 190 N.J. Super. 510, 515-16 (App. Div. 1983) (appointing receiver in aid of execution in light of judgment debtors' "recalcitrant attitude," "evasive responses," and because "less severe remedies [had] failed the creditor.").

## III.

Guided by the above principles, we reject Block's argument that the trial court abused its discretion in not affording him a hearing to challenge the Receiver's motion for contempt. His argument is belied by the record. The Receiver moved for contempt against Block, thus giving Block proper notice. The trial court also conducted three hearings, which included arguments as to whether Block should be sanctioned.

We, nonetheless, agree with Block that the trial court erred in sanctioning him without an in camera review of the documents detailed in the subpoena.

Our courts have consistently held that a trial court must conduct an in camera review of documents when a party's privilege is challenged. See Corsie v. Campanalonga, 317 N.J. Super. 177, 184 (App. Div. 1998), rev'd in part on other grounds, 160 N.J. 473 (1999) (noting that "[t]here is abundant authority for the proposition that in camera review of claimed confidential material is an approved and essential step when a privilege is invoked"); Payton v. N.J. Tpk. Auth., 148 N.J. 524, 550 (1997) (remanding for an in camera inspection where the record was insufficient to resolve the issue).

Nevertheless, we find this error to be harmless. See R. 2:10-2 ("Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result."). Block acted in bad faith by violating the court orders issued on April 29, 2024 denying his motion to quash the subpoena, May 14,2024 requiring him to comply with the Receiver's subpoena, and April 1, 2019 concerning similar information as the Receiver's February 12, 2024 subpoena. An in camera review would not have changed the outcome—the subpoena sought non-privileged information due to the crime fraud exception and waiver by publication to third parties. Given that the court's error was harmless, we affirm the court's sanction of Block.

We likewise dismiss Block's argument that the trial court abused its discretion in assessing him $44,490 in fees. A court may award attorney's fees as a sanction for fraud or contempt of the court. Triffin v. Automatic Data Processing Inc., 394 N.J. Super. 237, 313-14 (App. Div. 2007); Abtrax Pharms, Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 514 (1995). RPC 1.5(a) requires the court to consider the following factors in determining the reasonableness of a fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent.
> [RPC 1.5(a).]

A-0577-24

As an initial matter, we recognize that the trial court did not state its factual findings and conclusions of law in its October 16, 2024 order as required by Rule 1:7-4(a). However, to avoid any unnecessary litigation delay in this protracted litigation, we will not remand because the record is sufficient to affirm the trial court's order. See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7–4 (2026) (citing Leeds v. Chase Manhattan Bank, N.A., 331 N.J. Super. 416, 420-21 (App. Div. 2000)) (affirming the grant of summary judgment even though order merely stated "denied"). The court considered the Receiver's detailed certification, which included invoices and billing time entries, based on the Rule 1.5(a) factors seeking sanctions against Block. Thus, we affirm the court's sanction order of $44,490.

To the extent we have not specifically addressed any of Block's arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0577-24